SAVOY-REELAND PRINTING CORPORATION, Respondent, *v.* COVE THEATRES, INC., Defendant, Impleaded with FOX METROPOLITAN PLAYHOUSES, INC., Appellant.

First Department, March 10, 1930.

*Henry Brill* of counsel [*Saul E. Rogers* with him on the brief, attorney], for the appellant.

*Aaron Scherwin* of counsel [*Irwin M. Levy*, attorney], for the respondent.

FINCH, J. From that part of an order which directs the defendant Fox Metropolitan Playhouses, Inc., summarily to pay over to the receiver the sum of $6,635.68 and the latter to receive and hold the same pending the determination of this action, said defendant appeals.

The action was brought under the General Corporation Law (§ 70, as renum. and amd. by Laws of 1929, chap. 650) to sequester the property of the Cove Theatres, Inc., against which the plaintiff had secured a judgment, upon which an execution was returned unsatisfied. Before the time to answer had expired, the plaintiff made a motion which, so far as material to this appeal, asked the appointment of a receiver, during the pendency of this action, of the property due and owing to the defendant Cove Theatres, Inc. It appears that over a year before the bringing of this action the defendant Cove Theatres, Inc., had sold to the defendant Fox Metropolitan Playhouses, Inc., three theatrical leases and that upon the closing of this transaction the sum of $7,629.11 was withheld by the Fox Metropolitan Playhouses, Inc., for the specific purposes of satisfying liens, claims, judgments, unpaid water rent, balance of rent unpaid on one of the leases and for other charges. Certain of these were paid, and the balance of the fund is held by the appellant for the purpose of satisfying the remainder of the aforesaid specific liens.

The right of the defendant Fox Metropolitan Playhouses, Inc., to retain the money in its possession cannot properly be determined summarily upon this motion. Appellant squarely raised the issue that it was entitled to hold possession of the moneys and have them applied for the purpose of releasing its leasehold property from the specific charges and liens, for the payment of which the money was retained by it. It is conceded that the appellant had lawfully retained the possession of these moneys for specific purposes and that the moneys did not belong to the Cove Theatres, Inc., unless there remained a balance after the claims, to pay for which the money had been retained, had been satisfied. The denial of the appellant that these liens and charges had been satisfied, without any attempt to show that this denial was sham, did not permit such an issue to be

summarily disposed of, but the appellant was entitled to a proper adjudication of this issue. This it has not had but instead its rightful possession of the moneys has been summarily taken from it and given over to a receiver. In the absence of any showing of insolvency on the part of appellant orderly proceeding required that the turning over of the moneys should have been deferred until appropriate steps could have been taken by the receiver, if he was so advised, to obtain an adjudication as to which of the defendants was entitled to the fund.

It follows that the order should be reversed in so far as appealed from, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the receiver directed to return to the defendant Fox Metropolitan Playhouses, Inc., the money which was paid to the receiver, with any interest which has accrued thereon meantime.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and the receiver directed to return to the defendant Fox Metropolitan Playhouses, Inc., the money which was paid to the receiver, with any interest which has accrued thereon meantime. Settle order on notice.